Sullivan, J

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/7/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SAIRA KHAN,

       Plaintiff,

 - against -

PATRIARCH PARTNERS, LLC AND
JENNIFER PINCKLEY GAINES,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

Index No. 11 Civ. 3992 (RJS)

## STIPULATION AND ORDER OF CONFIDENTIALITY

IT IS HEREBY STIPULATED AND AGREED, by Plaintiff Saira Khan and Defendants Patriarch Partners, LLC and Jennifer Pinckley Gaines, (collectively, the "Parties"), through their undersigned counsel, as follows:

1. This Stipulation and Order of Confidentiality ("Stipulation") shall govern the use and disclosure (except by the producing party) of all material produced in the above-captioned action (the "Action") constituting, containing or disclosing, in whole or in part, information, documents, and/or testimony designated as "Confidential," whether it be a response, information revealed during a deposition or information contained in, or communicated through, any other medium or means.

2. (a) Patriarch may designate as "Confidential" any document, interrogatory response, testimony and/or other discovery material, disclosed by any party or third-party ("Discovery Material") that Patriarch believes contains non-public and/or business information (including but not limited to commercial, marketing, survey, strategic, proprietary and/or

financial information, as well as personnel, payroll or employment information pertaining to any present and/or former employee of Patriarch) or personal information which Patriarch would, in the absence of litigation, maintain in confidence.

(b) Plaintiff may designate as "Confidential" any document, interrogatory response, testimony and/or discovery material (disclosed by any party or third-party) she believes contains non-public, personal information and/or non-public information concerning Plaintiff.

(c) No designation of "Confidential" shall be made unless counsel for the designating party believes in good faith that the material is in fact Confidential within the meaning of this paragraph 2.

(d) "Confidential Information" as used in this Stipulation shall refer to any Discovery Material designated "Confidential" and shall also refer to all copies, summaries, abstracts or excerpts thereof and any other material subsequently prepared from Confidential Information by any of the Parties or on behalf of any of the Parties.

3. In the event a party disagrees with any designation of Confidential Information, counsel for the Parties shall confer in good faith and attempt to resolve the matter informally. If they are unable to do so, an application may be made to the Court for a determination whether particular documents or other information should be treated as Confidential Information. The information in question shall be treated as Confidential subject to the terms of this Stipulation until the Court orders otherwise or the party producing the Confidential Information agrees in writing to withdraw the designation with respect to that document and/or information.

4. Confidential Information contained in physical objects or documents, including but not limited to any transcripts, exhibits, answers to interrogatories or other discovery requests,

2

electronically stored information or copies thereof will be designated by stamping or affixing thereto the label "CONFIDENTIAL" or, if it is not possible to affix a label, by giving written notice of the designation. A Party may designate testimony given at a deposition as Confidential Information by an appropriate statement at the time of the giving of such testimony or upon subsequent review of the transcript by, within thirty (30) business days of receipt of the transcript, advising the other Party's counsel in writing of the specific pages and lines of the transcript to be designated as Confidential Information.

5. Any Discovery Material designated as Confidential, and any information contained in any Discovery Material so designated, shall be handled and treated in accordance with this Stipulation. The disclosure of Discovery Material without designating it as Confidential Information shall not constitute a waiver of a Party's claim of confidentiality or right to designate Discovery Material as Confidential Information at a later time. If so designated, the Discovery Material shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation.

6. As used herein, the term "document" in addition to the definitions provided in Fed. R. Civ. P. 26 and 34, and Local Rule 26.3, means the original, all copies, drafts and fragments of writings, papers, printed or graphic material of any kind, including, without limitation, court papers, employment records, financial records, log books, memoranda, reports, notes, messages (including reports, notes and memoranda of telephone conversations and conferences), tape recordings, film, and/or audio or video recordings of any type, information generated or stored on a disk, in a computer memory or otherwise electronically stored, correspondence, announcements, minutes, newspapers and calendar or diary entries, or other tangible matter from whatever source, however produced or reproduced, whether sent or

3

received or neither, including the original and any non-identical copies. Documents include all attachments, cover pages, and enclosures, and all information derived therefrom.

7. Subject to the provisions of paragraphs 7, 8 and 9, persons authorized to receive Confidential Information (a "Qualified Recipient") shall only include: (i) partners or associates of The Ottinger Firm, P.C. ("The Ottinger Firm") and legal assistants and support staff of The Ottinger Firm; (ii) Plaintiff; (iii) employees of Patriarch providing assistance to Patriarch's counsel in this litigation; (iv) partners or associates of Proskauer Rose LLP or other counsel, legal assistants and/or support staff; (v) deponents, but only to the extent that that the deponent authored, previously received and/or was copied on the document in the ordinary course of his or her employment and/or responsibilities; or to the extent the deponent was or is an employee of Patriarch and is being shown a document concerning Patriarch; (vi) experts and experts' staff or third parties employed or retained by the Parties or their attorneys for the purpose of assisting counsel in the prosecution or defense of this Action, provided that the requirements of paragraph 8 are met; (vi) the Court (including any of its personnel); (viii) stenographic reporters or videographers who take and transcribe testimony in connection with this Action; and (ix) any other person to whom counsel for the producing Party agrees in writing.

8. Access to/disclosure of Confidential Information shall only be permitted or made to Qualified Recipients to the extent that the Parties' counsel in good faith reasonably believes that such access or disclosure is reasonably necessary to the prosecution or defense of this litigation.

9. Confidential Information shall be used only for the purposes of this Action (and not for any other judicial or other proceeding) and for no other purpose whatsoever, and shall not be disclosed, given, shown, discussed or otherwise divulged or communicated, in whole or in

4

part, directly or indirectly, to any person, firm or entity except as provided herein. Each Qualified Recipient will maintain Confidential Information in confidence and will not reveal to or discuss such information with any person who is not a Qualified Recipient without the prior written consent of the producing Parties' counsel or, in the absence of such consent, an order by the Court authorizing such disclosure.

10. In the event a non-producing Party's counsel considers it necessary to disclose Confidential Information to a person who is not a Qualified Recipient, counsel for the Parties shall confer in good faith and attempt to resolve the matter informally. If they are unable to do so, an application may be made to the Court for a determination whether the proposed disclosure shall be permitted. The information in question shall be treated as Confidential Information, subject to the terms of this Stipulation, until otherwise ordered by the Court or the producing Parties' counsel agrees in writing to the disclosure.

11. Confidential Information once disclosed may be copied only to the extent necessary to permit its use in accordance with the terms of this Stipulation.

12. Prior to filing with the Court any pleadings, motions or other papers which would disclose any Confidential Information, the party seeking such disclosure shall confer with counsel for the opposing party regarding whether there is any objection to the filing of such Confidential Information under seal. When possible, only confidential portions of filings with the Court shall be filed under seal. The provisions of this paragraph are subject to any applicable laws, rules, and/or procedures of the Court that are in place at the time matters are being submitted.

5

13. Nothing contained in this Stipulation shall be construed to prejudice any party's right to use in open court any Confidential Information subject to the provisions in paragraph 14, below.

14. If a Party wishes to use information or documents designated as Confidential Information during any hearing, conference or trial in this action, the Parties' counsel will in advance confer in good faith to agree upon a method (subject to the Court's approval) to protect such Confidential Information during such proceedings. If the Parties are unable to agree on a method to protect such Confidential Information, any Party may apply to the Court for a mechanism to maintain the confidentiality of discovery material designated as Confidential Information.

15. Nothing contained herein bears on the discoverability or admissibility of any documents, records and/or information.

16. Within thirty (30) days of the conclusion of this action (including appeals, if any), all Confidential Information and all documents containing such information in the possession of a Qualified Recipient or any other person who has received such documents and/or information pursuant to this Stipulation, shall be returned to the producing Party's counsel upon written request, together with all copies, extracts and summaries thereof, except that those documents containing the Party's own attorney's notes and/or work product may be (a) destroyed or (b) retained by counsel for the Party; subject to a continuing obligation of confidentiality pursuant to this Agreement, in lieu of returning the documents. Counsel shall certify in writing to counsel for the producing Party that all confidential documents have been returned or, where applicable, destroyed or retained (and, if retained, provide a written assurance that such materials will be

kept confidential). No Confidential Information may be used in any other judicial or other proceeding or for any other purpose.

17. This Stipulation shall remain in full force and effect until modified, amended, superseded, or terminated by written consent of the all of the Parties or order of the Court and shall survive the termination of the proceedings in this Action.

18. This Stipulation shall be binding on all Qualified Recipients and all other persons having knowledge of its terms. It is enforceable by any sanctions deemed appropriate by the Court.

*[Signature]*
11/4/11

Dated: New York, New York
October 27, 2011

Kathleen M. McKenna, Esq.
Keji A. Ayorinde, Esq.
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
Phone: (212) 969-3000
*Attorneys for Defendants*

October 28, 2011

Christopher Q. Davis, Esq.
Aariel Y. Graff, Esq.
The Ottinger Firm, P.C.
19 Fulton Street, Suite 408
New York, NY 10038
(212) 571- 2000

7